Lynch, J.
(dissenting). I respectfully dissent. In my view, the manager’s supporting deposition provides direct evidence identifying respondent as the perpetrator of the larceny. In his statement, the manager explained that he “observed one of the youths, later identified as [respondent]” actually take the sunglasses, remove the tag, place the sunglasses in his pocket and then walk past the registers without paying. At that point, the manager stopped respondent and retrieved the sunglasses. The manager’s direct observation of the incident and face-to-face confrontation with respondent provides a sufficient factual, nonhearsay basis for identifying respondent as the perpetrator. The “later identified as [respondent]” comment simply provides the name to complement the manager’s direct identification. It follows that the petition was legally sufficient.
Since petitioner’s remaining contentions are without merit, I would affirm Family Court’s order.
Ordered that the order is reversed, on the law, without costs, and petition dismissed.